GLICKSTEIN, Judge,
concurring specially.
As the majority opinion recites, there were two issues before this court. The first issue is the subject of this concurrence.
The plaintiff wife and husband sued the defendants for negligence. Their unilateral pre-trial stipulation reflects that the rules of law involved in the case were section 767, Florida Statutes (1983), and the common law rules of negligence.
At the evidentiary hearing upon which the trial court’s order was based, counsel for the defendants testified as follows:
There was a conflict of whether or not the plaintiff entered the home uninvited and whether or not she actually saw the dog and maybe she was running down the hallway and slipped and fell. There are numerous factual issues.
*1391 When I stated the defense was, in terms of whether the dog knocked her down or not, the real defense is proximate cause and whether or not the lady actually provoked the dog in some way.
It was my opinion the lady was a nurse, an LPN III, and she was wanting to get her RN. She had gone back to school late in life, like in her forties, and had gotten her LPN degree and intended on getting an RN degree.
Her ambition, she stated, in life was to be a floor nurse which would require her to be on her feet all day, a strenuous job. She sustained a trimedial fracture in the articular joint which necessitated casting and rehabilitation for some time.
All the doctors who saw her, my IMA, Dr. Gordon, gave her 5 percent disability which is 10 to 15 percent of the leg. They all agree for her to be a charge nurse or floor nurse is not the best thing to do. She’s going to get swelling and pain as the day goes on.
I valued this case in the range of $100,-000 because of the fact of the dog knocking her down, talking strict liability in terms of the person who owns the dog, as he’s an insurer of the dog itself. Because of the comparative negligence as I viewed it in that the plaintiff may have provoked the dog by entering the home uninvited and by actually running down the hallway or in some ways the proximate cause argument as well as the fact she may have caused it herself, I felt that the reevaluation I made could be reduced by 50 to 70 percent to settle the case. I was talking thirty to $35,000. The case was involved for $35,000, which is where we are now. That’s how I evaluated it.
He discussed both apples and oranges— defenses under the statute and comparative negligence — because the plaintiffs’ pre-trial stipulation and the defendants’ amended answer had raised both. The trial court’s order discussed only the plaintiff wife’s comparative negligence, determining it to be 65 percent. The majority opinion here appears to hold that the testimony related to the statutory defenses. The writer considers that both should constitute the bases for affirmance.